## Amy BANKSTON *v.* STATE of Arkansas

CR 03-1082                                        144 S.W.3d 259

Supreme Court of Arkansas
Opinion delivered January 29, 2004

*Hampton & Larkowski,* by: *Mark F. Hampton,* for appellant.

No response.

PER CURIAM. This motion was originally filed on behalf of appellant by her newly retained counsel, Mark Hampton, on September 19, 2003. On March 19, 2002, a judgment and commitment order was entered reflecting that Amy Bankston had entered a plea of guilty in the Circuit Court of Pulaski County to one charge of second degree murder and three counts of terroristic act. She was sentenced by the trial court to an aggregate term of eighty years' imprisonment. Bankston was represented at trial by attorney Dana Reece. No appeal was taken from the sentencing judgment, and Bankston now seeks to proceed with a belated appeal pursuant to Rule 2(e) of the Rules of Appellate Procedure — Criminal, which permits a belated appeal in some instances.

There is no order in the record relieving Dana Reece as counsel for appellant in this case. Petitioner Bankston contends that she desired to appeal the sentences, that she communicated that to Reece, and that members of her family repeatedly tried unsuccessfully to contact Ms. Reece in person and by telephone. On October 16, 2003, this court issued a per curiam remanding this case to the trial court to determine whether Ms. Reece was informed by petitioner Bankston of her desire to appeal within the time period allowed for filing a notice of appeal. The trial court was directed to submit findings of fact and conclusions of law, with a transcript of the evidentiary hearing, within ninety days from the date of the per curiam.

Findings of fact and conclusions of law of the circuit court were submitted to this court on January 12, 2004. The court found that defendant Bankston had not personally waived her right to an appeal, and that she had sufficiently informed her trial counsel of her interest and desire to exercise her right to appeal her convictions. Rule 16 of the Rules of Appellate Procedure — Criminal provides in pertinent part that trial counsel, whether retained or court appointed, *shall* continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court or Arkansas Court of Appeals, unless permitted by the trial court or the appellate court to withdraw.

Now that the record is settled, we can rule on the motion for leave to file a belated appeal. The motion is granted, Dana Reece is removed as attorney of record, and Mark Hampton is substituted as counsel for appellant. A copy of this opinion, along with a copy of the trial court's findings and transcript, will be forwarded to the Committee on Professional Conduct.